The next case on our calendar book versus Commissioner of Social Security. It please the court. I'm Justin Goldstein, attorney for Betty Cooke, the Applin. I believe the issues are best described as in two parts. The first is whether the record relied upon the ALJ was insufficient. And secondly, whether the ALJ is critique of the evidence was absence of a medical opinion. Council, I read the ALJ's report, and I couldn't find anywhere that any doctor had listed the limitations that is in the ALJ's report. Like, what did it say? She can sit for 30 minutes and then stand for 30 minutes and then sit for 15. I couldn't find that at all. Did I miss it? I agree with you. You're not missing anything, Your Honor. The only opinions that kind of loosely address functioning the ALJ rejected were the two consultative examinations from 2014 and the state agency review opinion. And the judge, I mean, I think this case is distinguished from many other cases where the judge expressly worsening sense of evaluations. And the remaining part of the ALJ's decision is, like you said, just a summary of symptoms and the objective evidence without any citation to where in the record the specific abilities and limitations are reflected in the record. So the first part is the ALJ cannot substitute her lay opinion for the competent medical opinion. More recently, in Koznika, the RFC cannot be a result of the ALJ's own surmise. Council, is it your argument that the ALJ had a responsibility to get some accurate information on which she could rely? Right. Not so much accurate, but just notes. So the ALJ should have looked further and further developed the record from another opinion, either from a treating source, a consultative examiner, or even a medical expert to review the case. And I think the regulations are pretty clear that the record's insufficient, then the ALJ has to do more than just rely upon her only opinion. They have to look at the gap in the record here. There's also the issue for explanation of the RFC finding. By the same token, what is the medical evidence that she was disabled? I mean, she had these two knee replacements, and there were some other issues. But what is the evidence that she relies on that, in fact, she was unable to work? I think her testimony does indicate that she's very limited. I mean, for the majority of the time, she's having surgeries, is recovering from surgery. And it is the burden to prove this, but the ALJ does have a shared burden to make sure the record reflects both sides of the argument. I mean, going back to the Supreme Court Sims. So you're citing her testimony, and is there any opinion from a doctor in support of her claim? Right, that's absent as well. So there was, I mean, errors on all parties, both the claimant and the ALJ here to adequately develop the record. So, metal bone is not the only issue, is even if the record is found to be fully developed, there's no explanation for the findings. And like Judge Pooler said, no identification of what in the record supports findings. So even if there's not a development argument, there's an issue with explanation for the findings. And the government cites to many cases, I mean, majority of their brief is just citing law where judges have been found to adequately explain their decisions. But all those cases are distinguished. I addressed each one in my reply. But each one of those, there's either another opinion that supports the specific findings, or there's obvious evidence in the record, such as the Tankesi case where there's an informal opinion within the treatment notes. In cases like Monroe cited as well, there was obvious activities of daily living that support greater functioning, such as snowmobiling, jet skiing, things like that. In this case, as she explains, and as the judge summarizes on page 24 of her decision, activities are very limited. This is essentially almost at the level where she's bedridden, where she's able to take care of self-care. But since essentially her surgery started, she's been only going to medical appointments, that she wasn't even able to go to mental health appointments because of her mobility issues. So there's nothing obvious in the record. The ALJ's critique is not overwhelmingly compelling to explain how this non-medical evidence supports the RFC finding as well. So I do believe those two issues independently require remand for both better development and better explanation to the findings. Thank you, counsel. We'll hear from the commissioner. Good morning. May it please the court, this is Nahid Soroushiari on behalf of Apelli, the commissioner of social security. The commissioner submits that this decision should be affirmed. It was supported by substantial evidence and the record here was- Can you point me in the record to where the evidence is that this applicant can stand for 30 minutes and sit for 15? So certainly, your honor, I would say that there was not an opinion. There was not a treating source opinion on this. The opinions that the ALJ had said that she was much less restricted than the ALJ ultimately found in the RFC. And what happened here is the ALJ did not substitute her lay opinion. She incorporated the opinions and then- If it wasn't her lay opinion, point me where there was a medical opinion that supports the RFC finding. I would say that there's a lot of objective medical evidence that supports the RFC finding. I would point to the record at page 518. This is after Mrs. Cook's left knee surgery. Her surgeon said she's moving well. Her instability is much better. There is an x-ray at the record on page 462 of both knees where there's no instability. I'm sorry, there's normal alignment and the knee replacement- Do either of these reports to which you point say she could stand for 30 minutes? I believe where the ALJ got that from was Cook's actual statements. She said in her function report, and I believe at the hearing, that it hurts her to stand and walk. And so I believe the ALJ took her subjective complaints into account here and gave her a sit-stand option, even though there was no objective medical evidence showing that this was necessary. The ALJ went above and beyond and looked at the medical evidence in the light most favorable to Cook here. So if I understand what you're saying, there was no doctor who has said that Mrs. Cook could stand for 30 minutes? Dr. Miller said that she had no limitations standing, but the ALJ incorporated greater restrictions. And I'd like, Your Honor, to speak to the record development issue, if I may, which my colleague brought up. I'd like to point out that Cook is now, excuse me, I'll back up and say that at the hearing, the ALJ asked Cook's representative if the record was complete, and the representative said it was. And yet later, the ALJ proactively noted the absence of certain records and gave Cook's representative time to submit those records. The representative did submit those records, the ALJ reviewed them, and incorporated them into her decision. And Cook is now arguing that there's somehow these missing notes out there, but she hasn't shown that these documents actually exist. She hasn't shown that there's anything showing she's more restricted than what the ALJ found. But our jurisprudence is that the ALJ has a duty to make sure the record is complete. I would agree, Your Honor. The ALJ has a duty to make sure that the record is complete enough to make an informed decision supported by substantial evidence that permits meaningful judicial review. And a treating source opinion is not necessary to that. There is ample medical evidence here that Cook was not more restricted than the RFC, and it's her burden. It is her burden to prove that she was, and there's nothing in the record I see that proves that. In fact, I think you said this earlier, but the ALJ assumed she was more restricted than she was able to divine from the doctor's medical reports. She said, I think it's something worse than that. Yes, Your Honor. I would agree. I think the ALJ here went and looked at the evidence, the objective medical evidence, and the medical opinions in the light most favorable to Cook. She incorporated greater restrictions into the RFC than the opinions or some of the objective medical evidence established. And so to the extent that Cook now argues there's a problem with articulation of the RFC, the ALJ's RFC is far more restrictive than the opinions or some of the objective medical evidence said. And so any problem with articulation, to me, it's moot. Cook's burden here is to prove that she was more restricted, and she hasn't done that. You referenced an opinion of a doctor, a treating, I believe, who didn't put any restrictions on the plaintiff's ability to stand. Do you have the site for that? Sure, Your Honor. Dr. Miller? I think you said it was Dr. Miller. Yes, it was Dr. Miller, actually a consultative examiner. Okay, right, right. And that's at 269. And I'd like to note here that Cook's current firm began representing her in October of 2017. They did gather evidence, and they submitted that evidence to the Appeals Council. It didn't show that she's more restrictive than the RFC. And her current law firm didn't submit any evidence to the district court, nor to this court. So respectfully, they're speculating here that there's additional evidence out there that proves a more restrictive RFC. But that theoretical possibility does not prove that there wasn't a sufficient record here, and it doesn't prove that she's more restricted than the ALJ found. On the contrary, counsel, I think the speculation was on the part of the ALJ, since it was her opinion that this woman could do sedentary work if she only has to stand for 30 minutes, and then sit for 15 minutes. That was her opinion. I find no doctor who said that. Respectfully, Your Honor, you're correct. There is no doctor who said that. The doctors who the ALJ went on to look at the subsequent medical evidence following these two surgeries. So you agree that the ALJ drew inferences from evidence that was not in the record? No, this evidence was in the record. The ALJ looked at the objective medical evidence following the surgeries, such as her surgeon's reports of how well she was doing. And the ALJ did exactly what the regulations tell an ALJ to do, give more or less weight to a medical opinion, depending on the evidence as a whole. And the regulations are very clear that ALJs are supposed to consider opinions in light of all of the evidence in a record, including objective medical evidence. Cook doesn't point to any objective medical evidence here that proves that she was more restricted than the ALJ found. And again, there's... I understand. I understand what you're saying, but doesn't the ALJ have a duty to rely on such a specific finding that she could do work that is sedentary if she only has to stand for 30 minutes in a row? Where is that evidence? I believe that came from Cook's subjective complaints that said it's very difficult for her to stand. It's very difficult for her to walk. The ALJ did have medical evidence that there were no limitations on her ability to stand, correct? Yes, your honor. But Ms. Cook testified that she did have difficulties to standing. Yes, your honor. So the ALJ took that evidence together, the medical opinions of no restrictions and the testimony that she had pain and concluded that she could stand for 30 minutes as long as she could sit. Correct. So that she was drawing an inference from evidence that was in the record, including the medical evidence. Correct, your honor. And that was the same thing she did with the use of a cane. There wasn't objective medical evidence showing that Ms. Cook needed to use a cane, but she said at the hearing that I need to use a cane. And so the ALJ incorporated that into the RFC finding, which is very restrictive and which took all the evidence into account in the light most favorable to Cook. Thank you. Thank you. We'll turn to Mr. Goldstein who reserved two minutes for rebuttal. Thank you. So just to address a few things, Cook's testimony was much more restricted than what the ALJ found. She indicated, and this is I believe in their function report, 216 to page 229. She was unable to stand for a few moments, unable to lift, stand for only short periods, walk only a few feet, unable to climb stairs, kneel, squat. Mr. Goldstein, there was contrary medical evidence in the record, wasn't there? Well, opposing counsel- Including Dr. Miller's opinion. Well, Dr. Miller, first of all, the judge afforded only reduced weight and did not rely upon that opinion. So that's the first kind of misrepresentation here. Well- Part is the claimant's testimony does not align with the ALJ's findings. All that Cook said was much more restrictive and- Is there any medical evidence in the record to the effect that Ms. Cook could not stand for 30 minutes? Just based upon her testimony. And if that's- So the answer to my question is, there's no such medical evidence. It's just her testimony. Correct. And as found in Rosa, that her treating physician's silent sign issues does not mean that there's substantial evidence supporting the ALJ's findings. That's the big issue here. And that's what opposing counsel is saying as well, is she's looking at these treatment notes- This is a case where there's not a lot of evidence on both sides. And so, I mean, did she ever meet her burden of proving that she couldn't do this? Right. I mean, if we do accept the claimant's testimony, she has indicated that she cannot work. I don't think that the judge nor hearing level counsel obtain adequate evidence to make an informed decision. So this is not based upon a full and fair hearing. What do you do with Dr. Miller's report? Dr. Miller's report was partially rejected by the ALJ, indicating- On that point? On the point we're talking about? Right. That there was- Obviously not. Well, the ALJ afforded- So when you say partially rejected, then it was partially accepted as well, right? No, she said that it doesn't match the whole timeline. She said that at that time in 2014, it was supported by the record. But since then, there's evidence- And there's no medical opinion now showing what she can do since that opinion. And just to touch one more point, the Counsel says it's our burden now to submit evidence to the court. There's no requirement for us to submit evidence to the court. The purpose of this finding is not to cure the ALJ's errors. This purpose is to look at whether legal errors were made by the ALJ and sent down for additional administrative proceedings based upon a full and fair record. So we represented the claimant for only a few months. We were able to get records. This was not a hypothetical or theoretical missing records. There's another surgery just a few months before the claimant's unfavorable decision. And that completely offsets the ALJ's speculation that these surgeries that she knew about fixed her problems regarding her knee. So, I mean, we wish we had more time to develop the record, but we only had a very small window to gather evidence. And it's not our role to fix the ALJ's errors. Thank you, Counsel. Thank you both. We'll reserve decision.